# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

WILLIAM T. PAINTER, JR.,

    Plaintiff,

v.

QUICKEN LOANS INC.,

    Defendant.

Case No. 1:18-cv-07855

## QUICKEN LOANS INC.'S RESPONSE TO
## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

This Court should disregard Plaintiff's Notice of Supplemental Authority ("NOSA") (Dkt. No. 22) in ruling on Quicken Loans' pending motion to dismiss (Dkt.No. 14) for three (3) independent and adequate reasons.

First, the "supplemental authority" Plaintiff proffers—the Fourth Circuit's recent decision in *Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, No. 18-1588, __ F.3d __, 2019 WL 1780961, at *2 (4th Cir. Apr. 24, 2019)—does not, in fact, supplement any arguments Plaintiff made when he opposed Quicken Loans' motion to dismiss (Dkt. No. 17). In *Am. Ass'n of Political Consultants*, the Fourth Circuit concluded that the so-called federal debt collection exemption to the Telephone Consumer Protection Act ("TCPA") is facially unconstitutional under the Free Speech Clause of the First Amendment. *Am. Ass'n of Political Consultants*, 2019 WL 1780961 at *8. While Quicken Loans' motion to dismiss (Dkt. No. 14) relies, in part, upon that exemption, Plaintiff made no argument (none) in response that the exemption is unconstitutional in any respect. Dkt. No. 17 at 3-6 (instead arguing that the exemption does not apply because of *proposed* FCC guidance limiting its scope that never became final or effective).

That is the end of the inquiry. Plaintiff waived any constitutional argument by failing to raise it timely in his opposition. *Knowles v. Iowa*, 525 U.S. 113, 116 at *2, 119 S. Ct. 484, 487, 142 L. Ed. 2d 492 (1998) (party "waived this argument by failing to raise it in its brief in opposition"); *Wojtas v. Capital Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (failure to oppose argument constitutes waiver). He cannot somehow cure that waiver through his NOSA, because the purpose of such a notice is to advise the Court of new authority relating to arguments already advanced by the parties. *Siddiqui v. Holder*, 670 F.3d 736, 749 (7th Cir. 2012) (notice of supplemental authority does not provide a second forum for raising new or different arguments); *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000) (parties are permitted to "submit supplemental authority on intervening decisions or new developments regarding issues already properly raised in the initial briefs"). Here, by contrast, Plaintiff seeks to raise an entirely new argument -- a constitutional challenge to a federal statute -- for the first time in the NOSA. That is improper and the Court should reject it out-of-hand for this reason alone. *Milligan v. Bd. of Trustees, S. Illinois Univ.*, 2010 WL 4818387, at *2 (S.D. Ill. Nov. 16, 2010) (denying motion for leave to file supplemental authority; motion "advances new arguments he could have but did not make in his original response").

Second, although more is not needed, Fed. R. Civ. P. 5.1 confirms that Plaintiff has not made any constitutional challenge to which the supplemental authority could be relevant. That rule applies here and provides, in relevant part, that a party which files "a pleading, written motion, or other paper drawing into question the constitutionality of a federal … statute must promptly: (1) file a notice of constitutional question stating the question and the paper that raises it" if "the parties [in the case] do not include the United States, one its agencies, or one of its officers or employees in an official capacity," and (2) "serve the notice and paper on the

Attorney General of the United States." Plaintiff filed and served no such notice contemporaneously with his opposition and has he has not done so to date. The reason is simple: Plaintiff did not oppose Quicken Loans' motion to dismiss on the ground that the federal debt collection exemption to the TCPA is unconstitutional under the Free Speech Clause of the First Amendment. For this additional reason, this Court should find that Plaintiff waived any such argument. *Knowles*, 525 U.S. at 116, *2.

At a minimum, this Court should not entertain Plaintiff's belated argument without requiring compliance with Rule 5.1. The purpose of Rule 5.1 is to ensure that federal government has notice of and an opportunity to intervene in cases between private litigants raising constitutional challenges to federal statute. Toward that end, the Rule requires (a) the party raising the issue to provide prompt notice to the Attorney General, (b) this Court to certify to the Attorney General that the constitutionality of a federal statute has been questioned, and (c) this Court to reject the constitutional challenge or provide the Attorney General a minimum of 60 days to intervene before it may "enter a final judgment holding the statute unconstitutional." Fed. R. Civ. P. 5.1(a)-(c). None of this has occurred here. And, because it has not, this Court should either (1) decline to consider the constitutionality of the federal debt collection exemption to the TCPA in ruling on Quicken Loans' motion to dismiss; or (2) reject that argument as Rule 5.1 permits.[1]

Third, federal courts must avoid deciding constitutional issues, including deciding that federal statutes are unconstitutional, whenever possible. *Edward J. DeBartolo Corp. v. Fla. Gulf*

---

[1] This voluntary response to a NOSA about an argument Plaintiff never made is not the appropriate submission in which to address the constitutionality of the TCPA. Quicken Loans reserves all rights to address that issue, including by advancing arguments that the TCPA cellphone provision at issue in this case is unconstitutional, in the future as necessary or directed by the Court. At this stage, however, Quicken Loans' position remains that its motion to dismiss should granted and this case dismissed.

*Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 569 (1988). Quicken Loans' motion to dismiss demonstrates that Plaintiff failed to state a cognizable claim for a reason separate and apart from the federal debt collection exemption: because the complaint fails to plead sufficient facts to show that Quicken Loans made the challenged calls using an automatic telephone dialing system or an artificial or prerecorded voice. Motion at 6-8. Nothing in the Fourth Circuit's decision in *Am. Ass'n of Political Consultants* relates to that argument. The Court should address that issue first, and dismiss the Complaint on that ground.[2]

For these reasons, Quicken Loans respectfully requests that the Court disregard the NOSA and dismiss the Complaint for the reasons set forth in its Motion to Dismiss.

---

[2] Moreover, the decision is not yet even final – the FCC can still seek rehearing or rehearing *en banc*, and/or file a petition for a writ of certiorari with the Supreme Court.

Dated:  May 9, 2019                    /s/   *Jennifer L. Majewski*
Anna-Katrina S. Christakis
Jennifer L. Majewski
Pilgrim Christakis LLP
321 North Clark Street
26th Floor
Chicago, IL  60654
(312) 939-0953
kchristakis@pilgrimchristakis.com
jmajewski@pilgrimchristakis.com

W. Kyle Tayman (*pro hac vice*)
Joseph F. Yenouskas (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 346-4000
ktayman@goodwinlaw.com
jyenouskas@goodwinlaw.com

*Attorneys for Quicken Loans Inc.*