UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM T. PAINTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 C 7855 |
| | ) | Hon. Marvin E. Aspen |
| QUICKEN LOANS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff William T. Painter alleges that Defendant Quicken Loans Inc. ("Quicken") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling him dozens of times using an automated telephone dialing system ("ATDS") regarding his loan guaranteed by the United States Department of Veterans Affairs ("VA"). (Compl. (Dkt. No. 1).) Presently before us is Quicken's motion to dismiss Painter's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 14.) For the reasons set forth below, we grant Quicken's motion.

**BACKGROUND**

The following facts are taken from Painter's complaint and deemed true for the purposes of this motion. *See Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Quicken is a Michigan-based company that offers various loan products including VA guaranteed loans. (Compl. ¶ 6.) In

March 2017 Painter executed a VA loan[1] with Quicken to secure the purchase of a property in Norridge, Illinois. (*Id.* ¶¶ 11–13.) Shortly after executing the loan, Painter stopped making payments because of financial hardship. (*Id.* ¶ 14.) Quicken then began making numerous collection calls to Painter. (*Id.* ¶¶ 15, 18.) On October 23, 2017, Painter requested that Quicken stop calling him. (*Id.* ¶ 17.) Despite Painter's request, Quicken proceed to call him at least 84 more times. (*Id.* at ¶ 18.)

On November 28, 2018, Painter filed suit in federal court alleging that Quicken violated the TCPA. (*Id.* ¶¶ 21–27.)

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citing *Triad Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). In evaluating a motion to dismiss, we "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [plaintiff's] favor." *Tamayo*, 526 F.3d at 1081. A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts

---

[1] Painter admits that his loan is a VA loan. (Resp. at 2.) Quicken also attached the parties' mortgage document and Painter's mortgage note to its motion to dismiss. (Dkt. No. 14–1 ("Mortgage Doc."); Dkt. No. 14–2 ("Mortgage Note").) When considering a motion to dismiss, we may take judicial notice of matters of public record or incorporated by reference in the pleadings. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017), *reh'g denied* (Aug. 14, 2017). Both the mortgage document and note are referenced in Painter's complaint. (Compl. ¶¶ 11–13.) Thus, we take judicial notice of these documents. Both demonstrate that Painter's loan is a VA-guaranteed loan. (*See* Mortgage Doc. at 18 ("VA Guaranteed Loan and Assumption Policy Rider"); Mortgage Note at 3 (stating that the loan is subject to the "regulations . . . issued under the [ VA's] Guaranteed Loan Authority").)

"to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

## ANALYSIS

Quicken moves to dismiss Painter's complaint arguing that its collection calls are not prohibited because calls made to collect debt guaranteed by the United States are exempt under the TCPA. (Mot. (Dkt. No. 14) at 4–6.) Quicken also argues that Painter inadequately alleged that an ATDS was used to call him as required by the TCPA. (*Id.* at 6–8.) In response, Painter argues that the Federal Communications Commission ("FCC") has limited the breadth of the exemption relied on by Quicken, and that he sufficiently alleged an ATDS was used. (Resp. (Dkt. No. 17) at 3–8.)

**I.      Calls to Collect Debt Guaranteed by the United States**

Quicken argues that none of its calls are prohibited because they were made to collect debt guaranteed by the United States, and such calls are exempt under the TCPA. (Mot. at 4–6.)

3

The TCPA prohibits calls "using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016), *as revised* (Feb. 9, 2016). However, some calls are exempt under the TCPA. Calls made for emergency purposes, with prior express consent, or "made solely to collect a debt owed to or guaranteed by the United States" are not prohibited. 47 U.S.C. § 227(b)(1)(A); *see Gentleman v. Mass. Higher Educ. Assistance Corp.*, 272 F. Supp. 3d 1054, 1071 (N.D. Ill. 2017) (noting consent and debt collection exemptions). Two criteria must be met to satisfy the debt collection exemption: (1) the debt must be "guaranteed by the United States," and (2) the calls must be "made solely to collect a debt." 47 U.S.C. § 227(b)(1)(A)(iii); *see also Green v. Navient Sols., LLC*, No. 17 C 1453, 2018 WL 6303775, at *5 (N.D. Ala. Nov. 29, 2018) (calls made to collect debt guaranteed by the Department of Education did not violate the TCPA); *Schneider v. Navient Sols., LLC*, No. 16 C 6760, 2018 WL 2739437, at *5 (W.D.N.Y. June 7, 2018) (same); *Whalen v. Navient Sols., LLC*, No. 17 C 56, 2018 WL 1242020, at *4 (S.D. Ind. Mar. 9, 2018) (same); *Hassert v. Navient Sols., Inc.*, 232 F. Supp. 3d 1049, 1052 (W.D. Wis. 2017) (same).

Quicken is correct that its calls are not prohibited by the TCPA. It is undisputed that Painter's loan is "a [VA] loan . . . guaranteed by the federal government." (Resp. at 2.) This fact is consistent with the Servicemen's Readjustment Act of 1944, which provides that VA loans, like Painter's, are "automatically guaranteed by the United States."[2] 38 U.S.C. § 3703(a)(1)(A); *see also* 38 U.S.C. § 3710 (qualifying "loan[s] to a veteran . . . [are] automatically guaranteed"); *Ayes v. U.S. Dep't of Veterans Affairs*, 473 F.3d 104, 106 (4th Cir. 2006) ("VA provides housing

---

[2] As noted above, *supra* n.1, Painter's mortgage document and note also demonstrate that his loan is VA-guaranteed. (*See* Mortgage Doc. at 18; Mortgage Note at 3.)

4

assistance to certain veterans . . . by guarantying home loans made to them by private lenders."). Painter also admits that Quicken's calls were "collection call[s]" made to collect outstanding debt. (Compl. at ¶¶ 15–18; Resp. at 2.) Accordingly, both requirements for the debt collection exemption are met and Painter's claim must be dismissed with prejudice.[3]

## II. Effect of FCC Regulations on the Debt Collection Exemption

Although Quicken's calls fall within the debt collection exemption, Painter argues that the FCC has limited the breadth of the exemption by promulgating rules that (1) require collection calls to cease once the debtor requests that they be stopped, and (2) limit the number of collection calls to three within a thirty-day period. (Resp. at 4–5.) To support his argument, Painter relies on an FCC Report and Order published in August 2016. *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 31 F.C.C. Rcd. 9074 (2016) (the "Report"). While Painter is correct that the Report includes language limiting the reach of the exemption, *see id.* at 9075, 9090–91, the language is of no consequence because the rules within the Report never took effect.

The Report states that its "requirements" will not become effective until "60 days after the [FCC's] publication of a notice in the *Federal Register*, which will announce approval of portions of the rules requiring approval by [the Office of Management and Budget ("OMB")]." *Id.* at 9102; *see also TCPA/Federal Government Debt Collection*, 20 No. 9 Consumer Fin. Services L. Rep. 15 (Sep. 25, 2016). "OMB never gave such approval, and the FCC eventually withdrew its request to OMB, thereby effectively preventing any of the proposed regulations from taking effect." *Schneider*, 2018 WL 2739437, at *3 n.4; *see also Sanford v. Navient Sols.*,

---

[3] Because Painter's claim is dismissed pursuant to the debt collection exemption we do not address Quicken's second argument that Painter insufficiently alleged an ATDS was used.

*LLC*, No. 17 C 4356, 2018 WL 4699890, at *2 (S.D. Ind. Oct. 1, 2018) (the Report "has little authoritative value" because the rules were never approved); *Tucker v. Pa. Higher Educ. Assistance Agency*, No. 1:17-CV-267, 2018 WL 3458714, at *5 (W.D. Mich. May 10, 2018) ("The August 2016 regulations d[o] not appear to be in effect."). Because the rules within the Report never took effect, they do not limit the debt collection exemption and do not prevent dismissal of Painter's claim.[4]

### III. Painter's Supplemental Authority

In a final attempt to avoid dismissal, following briefing, Painter filed a single authority from the Fourth Circuit arguing that its application requires us to reject the debt collection exemption altogether. (Dkt. No. 22 at 1–2.) In *Am. Ass'n of Political Consultants, Inc. v. Fed. Commc'ns Comm'n*, the Fourth Circuit concluded that the debt collection exemption was an "unconstitutional content-based restriction on speech" and determined that the exemption should be severed from the TCPA. No. 18-1588, 2019 WL 1780961, at *8–9 (4th Cir. Apr. 24, 2019). The Fourth Circuit is the first federal appellate court to opine on the constitutionality of the debt collection exemption. Various district courts addressing the issue have concluded that the debt collection exemption is constitutional. *See Gallion v. Charter Commc'ns Inc.*,

---

[4] Although the FCC's rules never took effect, Painter points to limited examples where courts have applied the rules outlined in the Report. (Resp. at 5.) These cases fail to recognize the language within the Report that limits its implementation. *See, e.g.*, *Cooper v. Navient Sols., LLC*, No. 16 C 3396-T, 2017 WL 1424346, at *1–*2 (M.D. Fla. Apr. 21, 2017) (making no note of the 60-day publication and OMB approval requirements); *Gentleman*, 272 F. Supp. 3d at 1073 (same). Because the Report never became effective, we agree with those courts that have concluded the Report does not limit the reach of the debt collection exemption. *See Gaza v. Navient Sols., LLC*, No. 18 C 1049, 2019 WL 645390, at *3 (M.D. Fla. Jan. 23, 2019); *Green*, 2018 WL 6303775, at *6; *Tucker*, 2018 WL 3458714, at *5; *Schneider*, 2018 WL 2739437, at *7; *Sanford*, 2018 WL 4699890, at *2.

287 F. Supp. 3d 920, 931 (C.D. Cal. 2018), *appeal docketed*, No. 18-80031 (9th Cir. Mar. 8, 2018); *Greenley v. Laborers' Int'l Union of N. Am.*, 271 F. Supp. 3d 1128, 1151 (D. Minn. 2017); *Mejia v. Time Warner Cable Inc.*, No. 15 C 6445, 2017 WL 3278926, at *16 (S.D.N.Y. Aug. 1, 2017); *Holt v. Facebook, Inc.*, 240 F. Supp. 3d 1021, 1034 (N.D. Cal. 2017), *appeal docketed*, No. 17-80086 (9th Cir. May 12, 2017).

We decline to address the constitutionality of the debt collection exemption because it is not properly before us. Federal courts "must 'refrain from passing upon the constitutionality of an act unless obliged to do so in the proper performance of [their] judicial function, when the question is raised by a party whose interests entitle him to raise it[.]'" *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 598, 127 S. Ct. 2553, 2562 (2007) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474, 102 S. Ct. 752, 759 (1982)) (internal alterations omitted). Painter has waived any constitutional arguments by failing to raise them in his response to Quicken's motion. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments . . . are waived (even where those arguments raise constitutional issues."); *see also Last Atlantis Capital LLC v. AGS Specialist Partners*, 749 F. Supp. 2d 828, 840 (N.D. Ill. 2010), *order clarified sub nom. Last Atlantis v. AGS Specialist Partners*, No. 04 C 397, 2011 WL 223798 (N.D. Ill. Jan. 21, 2011) (only developed arguments in plaintiff's response to defendant's motion for summary judgment would be addressed). Furthermore, we are not bound by another circuit's decision. *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) ("A district court . . . owes no more than respectful consideration to the views of other circuits."); *Am. Int'l Specialty Lines Ins.*

*Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 408 (N.D. Ill. 2007) ("[W]e are not bound by out-of-circuit decisions.").

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted and Plaintiff's claim is dismissed with prejudice. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: May 21, 2019
      Chicago, Illinois